OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered April 16, 1996 affirmed.
Defendant stands convicted, after a jury trial, of third degree assault upon evidence, including independent eyewitness testimony, that he punched the female complainant with a closed fist as the two were about to enter a New York City subway train. The complainant’s testimony that for several days after the incident the bottom of her face and jaw were bruised and swollen, that her jaw felt as if it were “out of alignment”, that she had difficulty eating, and that she took pain medication is sufficient to support the jury’s finding that the complainant sustained a physical injury (see, Penal Law § 10.00 [9]; Matter of Shawn L., 233 AD2d 953). To the extent that the complainant’s hospital record may have been insufficient to establish that she suffered a “partial dislocation” of her jaw as alleged in the underlying information, the claimed defect in proof is not fatal to the People’s case. “Not every fact mentioned in an [accusatory instrument] is essential to establish the defendant’s guilt of the crime charged, and thus it is not necessary in every case that the People prove all [facts] alleged in the [accusatory instrument] when the remaining [facts] alleged are sufficient to sustain a conviction” (People v Rooney, 57 NY2d 822, 823). In this case the jury could find that the complainant experienced “substantial pain” as alleged in the information, even though her jaw may not have been dislocated.
Nor did the trial court err in modifying its initial Molineux/Sandoval rulings. When defendant testified on direct examination that he struck the complainant out of “fear” instilled by a newspaper article (admitted into evidence) about a then recent subway “slashing” incident, this opened the door to the prosecutor’s use on cross-examination of evidence, with *315 proper limiting instructions, relating to the defendant’s prior convictions involving subway assaults (see, People v Molineux, 168 NY 264, 293; People v Berrios, 216 AD2d 28, lv denied 86 NY2d 779). In any event, any error in the receipt of this evidence was harmless in view of the overwhelming evidence of guilt (People v Berrios, supra).
Parness, P. J., and Freedman, J., concur.