Kerry L. McKNIGHT, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 506, 1999.

Supreme Court of Delaware.

Submitted: May 9, 2000.

Decided: June 1, 2000.

J. Brendan O'Neill, Assistant Public Defender, Wilmington, Delaware, for appellant.

Elizabeth R. McFarlan, Department of Justice, Wilmington, Delaware, for appellee.

Before HOLLAND, HARTNETT and BERGER, Justices.

HOLLAND, Justice:

This case is an appeal by the defendant-appellant, Kerry L. McKnight, from a conviction of Robbery in the First Degree after a bench trial in the Superior Court. McKnight was sentenced to twelve years at Level V. The first four years were mandatory because McKnight had a previous conviction for Robbery in the First Degree. The Level V sentence was suspended after four years for eight years at Level III probation.

In this appeal, McKnight does not dispute that sufficient evidence existed for the trial judge to find him guilty of Robbery in the Second Degree. Rather, he argues that there was insufficient evidence to support his conviction of Robbery in the First Degree. A person is guilty of Robbery in the First Degree when he commits the crime of Robbery in the Second Degree [1] and, in the course of commission, "[c]auses physical injury to any person who is not a participant in the crime." [2] According to McKnight, the State did not prove the necessary "physical injury" element of the elevated offense. We have concluded that the judgment of the Superior Court must be affirmed.

---

1. 11 *Del.C.* § 831(a) provides that:
   A person is guilty of robbery in the second degree when, in the course of committing theft, the person uses or threatens the immediate use of force upon another person with intent to:

   (1) Prevent or overcome resistance to the taking of property or the retention thereof immediately after the taking. . . .

2. 11 *Del.C.* § 832(a)(1).

## Facts

On October 1, 1998, McKnight was in the Dollarland store on Lancaster Avenue in Wilmington. Joyce West, the Assistant Manager of the store, began watching McKnight because he matched the description of a man who had been shoplifting in the store earlier that day. West saw McKnight take $4.50 worth of incense and put it down his trousers. McKnight then attempted to leave the store without paying for the incense.

McKnight was met at the front door of the store by the security guard, Tam Lam. Lam testified that he stood in front of the door and told McKnight the manager wanted to speak with him. McKnight paced back and forth. He then ran towards Lam to try to go out the door. McKnight ran into Lam and pushed him outside the door. The two began wrestling on the ground. As Lam attempted to subdue McKnight, he resisted and punched Lam twice in the jaw. Lam sprayed McKnight with pepper spray. A store clerk then helped Lam restrain McKnight. Lam handcuffed McKnight and turned him over to Wilmington police officers.

After the close of the State's case, McKnight moved for a judgment of acquittal pursuant to Superior Court Criminal Rule 29. McKnight argued that the State had not produced sufficient evidence to establish the physical injury element of Robbery in the First Degree. The trial judge denied the motion.

McKnight testified in his own defense. He claimed that he had bought the incense in his pants earlier that day. McKnight denied punching or wrestling Lam. He also testified that he never resisted when Lam confronted him.

3. 11 *Del.C.* § 832(a)(1).

4. 11 *Del.C.* § 222(22).

5. *Pennell v. State,* Del.Supr., 602 A.2d 48, 55 (1991).

The trial judge found McKnight guilty of Robbery in the First Degree.

## Physical Injury

A person is guilty of Robbery in the First Degree when he commits the crime of Robbery in the Second Degree and in the course of commission, "[c]auses physical injury to any person who is not a participant in the crime."[3] "'Physical injury' means impairment of physical condition or substantial pain."[4] The applicable standard of appellate review requires this Court to determine whether the evidence, viewed in the light most favorable to the State, is such that any reasonable trier of fact could have found the essential elements of Robbery in the First Degree beyond a reasonable doubt.[5]

Lam testified that McKnight struck him twice with his fist. Lam stated that his jaw was swollen for two or three days. Lam also stated that he took aspirin for pain, but did not seek any medical treatment. Officer Kutch of the Wilmington Police Department testified that, when he arrived on the scene, he noticed that Lam had "some redness" to his cheek and jaw, but no bleeding. The police officer also stated that Lam had some "abrasions and swelling."

■ The trial judge found beyond a reasonable doubt that McKnight was guilty of Robbery in the First Degree. The trial judge based that decision upon the premise that the abrasions and swelling to Lam's jaw, along with pain, established the statutory element of "[c]aus[ing] physical injury." We agree.

This Court has held that bruised ribs and a bruised arm were sufficient evidence of physical injury to submit a charge of Robbery in the First Degree to the jury.[6] Similarly, we have held that a bite on the

6. *See Dunham v. State,* Del.Supr., 497 A.2d 786 (1985) (ORDER).

forearm established evidence of physical injury, even when there was no suggestion that the injury caused any pain.[7] Decisions from other jurisdictions also support our holding that a swollen and painful jaw constitutes physical injury.[8]

■ McKnight also argues that there is little, if any, evidence to support Lam's testimony about his physical injury. In particular, McKnight asserts that the State did not present any photographs or medical documentation. This Court has held, however, that a "victim's testimony concerning the extent of [his or her] physical injuries [is] sufficient by itself to sustain [the defendant's] conviction for first degree robbery."[9]

The record reflects that McKnight intentionally struck Lam in the jaw twice. Lam testified that his jaw was swollen for several days and he took aspirin to relieve the pain. Lam's testimony was supported by the testimony of the police officer, who described Lam's jaw at the crime scene as having swelling, redness and abrasions. The trial judge properly held that a swollen and painful jaw can constitute an impairment of one's physical condition. Consequently, the record reflects sufficient evidence to establish beyond a reasonable doubt that McKnight caused physical injury to Lam during the course of a robbery, thereby satisfying the elements of Robbery in the First Degree.

### Conclusion

The judgment of the Superior Court, convicting McKnight of Robbery in the First Degree, is affirmed.

---

7. *See Curry v. State*, Del.Supr., No. 445, 1996, Berger, J., 1997 WL 664689 (Oct. 22, 1997) (ORDER); *Handy v. State*, No. 156, 1997, 1998 WL 15013, Berger, J. (Jan. 13, 1998) (ORDER). *See also Davis v. State*, Del.Supr., No. 119, 1998, 1999 WL 86055, Berger, J. (Jan. 20, 1999) (ORDER).

8. *See People v. Williams*, N.Y.App., 180 Misc.2d 313, 692 N.Y.S.2d 582, 583 (1999); *In re Shawn L.*, N.Y.App., 233 A.D.2d 953, 650 N.Y.S.2d 498, 499 (1996).

9. *Snowden v. State*, Del.Supr., No. 416, 1994, Walsh, J., 1995 WL 478370 (Aug. 10, 1995) (ORDER).