Jermaine DOLLARD, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 712,2002.

Supreme Court of Delaware.

Submitted: Aug. 12, 2003.
Decided: Oct. 3, 2003.

Bernard J. O'Donnell, Office of Public
Defender, Wilmington, DE, for Appellant.

Timothy J. Donovan, Jr., Department of
Justice, Wilmington, DE, for Appellee.

Before VEASEY, Chief Justice,
BERGER and STEELE, Justices.

VEASEY, Chief Justice.

In this appeal we consider the admissibility of evidence of the prior convictions of a witness under Delaware Uniform Rules of Evidence 404(b) and 609(a). The defendant contends that the proffered evidence was admissible under the exceptions to the general rule barring admission of prior bad act evidence found in Rule 404(b) or, alternatively, as impeachment evidence under Rule 609(a). Because the evidence did not relate to a material fact at issue in the case, we hold that the evidence was not

admissible under Rule 404(b). In addition, we hold that evidence of the prior convictions of a witness is not admissible for the purpose of impeaching the testimony of another witness. We therefore affirm the judgment of the Superior Court.

### Facts

On April 27, 2001, Detective Phillip Hill of the New Castle County Police Department was conducting surveillance in a drug store parking lot at the intersection of Route 13 and Bacon Avenue (Wilmington Manor), in New Castle, Delaware. Detective Hill gave a confidential informant a $20 bill with the serial number recorded for the purpose of making a drug purchase. The informant approached a group of three men in the parking lot and gave one of them money. Shortly thereafter, Detective Hill observed a gold Honda Accord drive into the parking lot. The Honda's passenger, Kevin Foster, exited the vehicle and entered a sandwich shop. The defendant, Jermaine Dollard, who was the driver, remained in the vehicle.

The man to whom the informant had given the money then entered Dollard's vehicle. The man appeared to give the money to Dollard, who then leaned toward the man, although Detective Hill was unable to see what, if anything, Dollard had given the man. The man left Dollard's vehicle, returned to the informant, and appeared to have conducted another transaction. Based on his observations, Detective Hill radioed other officers to stop the Honda after it left the parking lot. Foster then left the sandwich shop and returned to Dollard's car, and he and Dollard drove away.

Other uniformed officers signaled for the car to stop. It did not stop immediately, and the officers observed motion inside the vehicle that led them to believe the driver and the passenger were attempting to hide something. After the car stopped, the officers ordered Dollard and Foster out of the vehicle. As Foster exited, cash, later determined to be $5250, fell from his lap. The officers also observed Foster attempting to insert something into his sandwich. When they examined the sandwich they found that it contained a bag of 2.96 grams of cocaine.

The officers searched Dollard and found $153, including the marked $20 bill Detective Hill had given the informant, along with several empty glassine bags. They did not find any drugs on Dollard's person. The police also searched the car and found a digital scale in a compartment in the driver's side door and an additional 0.21 grams of crack cocaine on the passenger seat of the vehicle. The officers arrested both Dollard and Foster.

Following his arrest, Foster made a statement to the police in which he claimed that the drugs and money found by the police were his and that he had previously been convicted of a drug offense. The State made Foster a plea offer. Foster accepted the offer and agreed to testify against Dollard. Shortly before Dollard's trial, Foster made a second statement in which he said that Dollard had "pushed" the drugs onto Foster shortly before they were stopped by the police. At trial, however, Foster denied having made this claim, testifying that he possessed the drugs before getting into Dollard's car.

Dollard was indicted for Possession with Intent to Deliver Cocaine,[1] Maintaining a Vehicle for Keeping Controlled Substances,[2] Possession of Drug Para-

---

1. Del.Code Ann. tit. 16, § 4751(a) (2001).

2. Id. § 4755(a)(5).

phernalia,[3] and Conspiracy Second Degree.[4] Before Foster testified at the jury trial, Dollard sought to elicit testimony regarding Foster's prior drug convictions, arguing that the evidence was relevant to the issue of Foster's intent to possess the cocaine. The court excluded the evidence. The jury found Dollard guilty of all the charges against him.

### Issue on Appeal

Dollard challenges the Superior Court's exclusion of evidence of Foster's prior bad acts under Delaware Uniform Rule of Evidence 404(b). He asserts that the evidence was offered for a purpose other than to prove Foster's character and his action in conformity with that character. Specifically, he argues that the evidence was probative of Foster's intent to possess the drugs, a material issue at trial. He contends that the jury's knowledge of Foster's statement to police that Dollard had pushed the drugs onto Foster presented a disputed issue to which Foster's intent to possess the drugs was relevant. Therefore, Dollard claims, evidence of Foster's past convictions was admissible under Rule 404(b). Dollard also maintains that the evidence should have been admitted to impeach Foster's trial testimony pursuant to Delaware Uniform Rule of Evidence 609(a). We review the Superior Court's evidentiary rulings for abuse of discretion.[5]

### Admissibility of Evidence of Prior Convictions Under Rules 404(b) and 609(a)

We hold that the Superior Court acted within its broad discretion when refusing to admit the evidence of Foster's prior convictions for drug offenses. That court reasonably could have concluded that Foster's prior convictions were not "material to an issue or ultimate fact in dispute in the case." [6] The evidence also was not admissible under Rule 609(a). Dollard did not really seek to attack Foster's credibility by submitting evidence of Foster's prior drug convictions. Rather, he sought to attack the credibility of the detective who testified regarding Foster's statement that Dollard gave Foster the drugs. Rule 609(a) does not render admissible evidence of one person's prior bad acts proffered for the purpose of attacking the credibility of another person.

### Foster's Prior Convictions and Rule 404(b)

■ Rule 404(b) provides that evidence of prior wrongs or acts, although generally inadmissible to prove a person's character, may be admitted to prove intermediate issues such as "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." [7] The list is not exclusive,[8] but in order to be deemed admissible, evidence of

---

3. *Id.* § 4771.

4. Del.Code Ann. tit. 11, § 512.

5. *See Chapman v. State,* 821 A.2d 867, 869 (Del.2003) ("The trial judge enjoys considerable discretion in determining the relevance of peripheral or background evidence concerning a witness."); *Taylor v. State,* 777 A.2d 759, 771 (Del.2001) (noting the trial court's "broad discretion to admit or exclude evidence under D.R.E. 403").

6. *Getz v. State,* 538 A.2d 726, 734 (Del.1988).

7. Del. Unif. R. Evid. 404(b) states:

    Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

8. *Pope v. State,* 632 A.2d 73, 76 (Del.1993).

prior bad acts "must be logically related to the material facts of consequence in the case." [9] This Court has set forth five pre-conditions to admission of evidence of other crimes under Rule 404(b). The evidence must: (1) be material to an issue or ultimate fact in dispute in the case; (2) be introduced for a purpose sanctioned by Rule 404(b) or any other purpose not inconsistent with the basic prohibition against evidence of bad character or criminal disposition; (3) prove the other crimes plainly, clearly, and conclusively; (4) not be too remote in time from the charged offense; and (5) be weighed in terms of its probative value versus its unfairly prejudicial effect. [10] If the trial judge admits the evidence, the court must instruct the jury regarding the limited purpose for which the evidence is admitted. [11]

Evidence of Foster's prior bad acts did not relate to a material fact in the case and was therefore properly excluded. Dollard argued in the Superior Court that Foster's intent to possess the drugs was at issue in the case. Foster's intent, however, was not at issue in Dollard's trial for drug offenses because it was Dollard who was on trial, not Foster. In addition, Foster testified at trial that he possessed the drugs–the jury received direct testimony of Foster's possession. The evidence of Foster's prior convictions therefore would be more akin to proof of Foster's action in conformity with his prior bad acts than of his intent to possess the drugs at the time of Dollard's arrest. Such use of evidence of prior bad acts is prohibited by Rule 404(b). Because Dollard was unable to proffer some other reason to admit the evidence that related to a fact at issue in the case, the court did not abuse its discretion by excluding the evidence.

### Foster's Prior Convictions and Rule 609(a)

By submitting evidence of Foster's prior convictions, Dollard actually was attempting to impeach the detective's testimony that Foster told him that Dollard pushed the drugs onto Foster. Rule 609(a) does not permit the impeachment of a witness through evidence of another person's convictions, even if the other person also testifies at trial. Rule 609(a) states:

> For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted but only if the crime (1) constituted a felony under the law under which the witness was convicted, and the court determines that the probative value of admitting the evidence outweighs its prejudicial effect or (2) involved dishonesty or false statement, regardless of the punishment. [12]

Dollard was not seeking to attack Foster's credibility. Foster testified at trial that he, not Dollard, had possessed the drugs, testimony that Dollard would not wish to discredit in his trial for possession of those drugs. Because evidence of Foster's convictions really would have been directed at impeaching the detective, the Superior Court did not err by excluding the evidence.

Dollard's proffered evidence was not admissible for the purpose of impeaching one witness by evidence of the prior bad acts of another witness. In addition, Dollard could not attempt to bolster the credibility of Foster's trial testimony that the drugs were his by presenting evidence of Foster's prior convictions. Dollard wished to

9. *Getz*, 538 A.2d at 731.

10. *Id.* at 734.

11. *Id.*

12. DEL. UNIF. R. EVID. 609(a).

establish that Foster's previous convictions made it likely that Foster held the drugs on this occasion. Rather than impeaching Foster, the actual witness, on a material point, Dollard attempted to bolster Fostser's credibility by unorthodox methods not falling within the ambit of any of Delaware's evidentiary rules. The Superior Court did not abuse its discretion by excluding Dollard's proffered evidence.

### *Conclusion*

Accordingly, the judgment of the Superior Court is **AFFIRMED**.