**Andre BINAIRD, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

No. 240, 2008.

Supreme Court of Delaware.

Submitted: Dec. 11, 2008.
Decided: Feb. 19, 2009.
Corrected: Feb. 23, 2009.

---

Ferris W. Wharton, Office of the Public Defender, Wilmington, Delaware, for appellant.

Timothy J. Donovan, Jr., Department of Justice, Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

STEELE, Chief Justice.

Defendant–Appellant Andre Binaird appeals from his Superior Court conviction of assault second degree and possession of a

deadly weapon during the commission of a felony.[1] Binaird contends the Superior Court abused its discretion and violated his right to confront and crossexamine the complaining witness on how painful the complaining witness's injuries may have been. Binaird argues that absent this error, he could not have been convicted of the felony charges and sentenced as a habitual offender under 11 *Del. C.* § 4214(a). We find no merit to his argument, and thus, we affirm the Superior Court's judgment.

## FACTS

On September 25, 2007, William Pearson visited the home of Shawanda Jones, Binaird's ex-girlfriend. While in the upstairs bathroom, Pearson heard a commotion downstairs and then heard Jones running up the stairs saying "he got a knife or something." Pearson opened the bathroom door and Binaird charged him with a knife. Pearson struggled with Binaird and attempted to disarm him. According to Pearson, during that struggle, Binaird stabbed him twice, once in the arm and once in the back, and bit Pearson on the arm. Pearson eventually disarmed Binaird and held Binaird in the bathtub until police arrived.

The State indicted Binaird on seven counts. Count II of the indictment charged Binaird with second degree assault, alleging that he caused "physical injury" to William Pearson by means of a knife. Count III of the indictment charged Binaird with possession of a deadly weapon during the commission of a felony ("PDWDCF"), alleging that he

knowingly possessed a knife during the commission of assault second degree.[2]

At trial, Pearson testified about the injuries to his arm and back. Pearson testified that he did not realize that Binaird had stabbed him in the back until he went downstairs. On crossexamination, he testified that he could not feel the cut to his back at first, but that it was a little sore. Defense counsel then attempted to elicit the quantum of pain the injury caused, eventually drawing an objection from the State:

Q: You say your back was a little sore. Are you talking about from the cut or just from the tussling?

A: From the knife, from him stabbing me in my back.

Q: Now, did you have substantial pain from that, substantial pain?

A: Not in my back, but in my arm.

Q: Okay. No substantial pain in your back, right? Right?

A: A little pain, not—

Q: Not substantial pain?

A: I could bear it, just put it that way.

Q: It wasn't substantial, was it?

A: I could bear it.

Q: Would you please answer the question? It's not whether you could bear it. It's whether it was substantial or not.

A: It was pain. It was pain, yeah, but I beared it. I dealt with it.

Q: Well, you didn't feel it at first, and then you said it was a little ache. So, you know, was it substantial pain or was it not substantial pain?

---

1. Binaird was also convicted of several misdemeanors: criminal trespass, non-compliance with conditions of bond, and criminal mischief. He does not appeal those convictions.

2. Aside from Assault and PDWDCF, Binaird was also charged with burglary second degree, terroristic threatening, non-compliance with bond conditions, malicious interference with emergency communications, and criminal mischief.

State: Objection, Your Honor. How can—I think—

The Court: Objection's sustained.

Concerning Pearson's arm injury, defense counsel attempted a similar line of questioning, also drawing an objection from the State:

Q: Was it painful?

A: Yes, it was.

Q: Was it very painful?

A: Painful.

Q: But not very?

State: Objection Your Honor.

Defense Counsel: Your Honor, the statute requires physical injury and—

The Court: I understand what the statute requires. I think he needs to describe it in his own words. I mean you can continue with your examination.

The next day of trial, Erin Vaughn, the forensic nurse who treated Pearson, testified that the cut to Pearson's back was incised, meaning that it could have been caused by a knife or other sharp object. She testified that the injuries to Pearson's arm were not incised and were more consistent with a tearing injury and a puncture wound, meaning that the tearing injury was an abrasion and the wound was consistent with a bite mark. Nurse Vaughn did not state that the abrasion could not have been a knife wound.

The jury found Binaird guilty of assault second degree, PDWDCF, and related misdemeanors.[3] Before sentencing, the State moved to have Binaird declared a habitual offender and sentenced pursuant to 11 Del. C. § 4214(a) on both the assault and weapons convictions, but eventually agreed to withdraw the habitual offender request related to the PDWDCF conviction in exchange for Binaird's stipulation to a seven year sentence on the PDWDCF conviction. As a result, Binaird was declared a habitual offender for the assault second degree and sentenced on April 30, 2008 to eight years at Level V for sexual assault second charge. For the balance of his charges, he was sentenced eight years and 30 days at Level V, suspended for eighteen months at Level III, and a suspended $50 fine.

### ANALYSIS

Binaird contends that the trial judge violated his right to confront and effectively crossexamine Pearson by precluding his defense counsel from exploring whether Pearson suffered *substantial pain* as a result of the wound to his back. Binaird claims that the jury could only consider the incised wound to Pearson's back because the indictment accused Binaird of assault with a knife. Binaird claims that the error was significant because, a jury could not have convicted him of assault second degree without finding *substantial pain.* Moreover, but for the assault 2d conviction which requires "physical injury," he would not have a felony conviction to support his conviction of PDWDCF, and, but for a felony conviction, he could not have been sentenced as a habitual offender.

The State contends that the jury could consider either the incised wound on Pearson's back or the abrasion on Pearson's arm because Pearson testified that both wounds were caused by a knife and Nurse Vaughn did not contradict that testimony. The State then contends that Pearson testified about his *impaired condition* and his *substantial pain* even though he did not use the statutorily specified words.

3. Binaird was acquitted of malicious interference with emergency communications and terroristic threatening. The State dropped the burglary charge before trial.

■ We review the Superior Court's evidentiary rulings for abuse of discretion.[4] To the extent constitutional rights were violated, we review *de novo.*[5]

■ In *Snowden v. State,*[6] we explained that "[a] primary interest secured by [the Confrontation Clause of the Sixth Amendment] is the right of cross-examination," but that right "is not without limits."[7] Trial judges are vested with "wide latitude" in controlling the contours of cross-examination and, consistent with the Confrontation Clause, may "impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant."[8]

Within her latitude to control the cross-examination, the trial judge should have considered: "(1) whether the testimony of the witness being impeached is crucial; (2) the logical relevance of the specific impeachment evidence to the question of bias; (3) the danger of unfair prejudice, confusion of issues, and undue delay; and (4) whether the evidence of bias is cumulative."[9] The record does not reflect whether the trial judge considered those factors because she sustained the prosecutor's objection without elaboration. The State, however, contends that the reasons for the objection, though unarticulated, were apparent: witness harassment, needless repetition, and waste of time.

Binaird's indictment charged him under 11 *Del. C.* § 612(a)(2), which provides that "[a] person is guilty of assault in the second degree when: The person recklessly or intentionally causes physical injury to another person by means of a deadly weapon or a dangerous instrument."[10] "Physical injury" is defined as *"impairment of physical condition or substantial pain."*[11] A "deadly weapon" includes a knife.[12]

■ We conclude that Binaird had the opportunity to confront Pearson. Pearson's testimony sufficiently supplied a basis for the jury to find that Binaird physically injured Pearson. Though Binaird never received a direct answer that Pearson suffered substantial pain, Pearson did not need to say the specific statutory words "substantial pain" or "impairment of physical condition" for the jury to make that inference.[13] The trial judge properly instructed the jury about the elements of assault second degree and the facts supported a conclusion that Binaird physically injured Pearson.

4. *Bentley v. State,* 930 A.2d 866, 871 (Del. 2007); *Dollard v. State,* 838 A.2d 264, 266 (Del.2003); *Chapman v. State,* 821 A.2d 867, 869 (Del.2003); *Taylor v. State,* 777 A.2d 759, 770 (Del.2001).

5. *Bentley,* 930 A.2d at 871; *Spencer v. State,* 868 A.2d 821, 822 (Del.2005); *Capano v. State,* 781 A.2d 556, 607 (Del.2001).

6. 672 A.2d 1017, 1024 (Del.1996).

7. *Id.* at 1024 (internal citation omitted).

8. *Id.* at 1025 (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)).

9. *Id.* (quoting *Weber v. State,* 457 A.2d 674, 681 (Del.1983)).

10. 11 *Del. C.* § 612(a)(2).

11. 11 *Del. C.* § 222(24) (emphasis added).

12. 11 *Del. C.* § 222(5).

13. *See Yelardy v. State,* 2008 WL 450215, at *3 (Del.) (citing *Tyre v. State,* 412 A.2d 326, 330 (Del.1980)) ("It is well-settled Delaware law that the jury is responsible for determining witness credibility, resolving any conflicts in the testimony, and for drawing any inferences from the evidence presented.").

The flaw in Binaird's argument is that "physical injury" is statutorily defined as "impairment of physical condition *or* substantial pain."[14] Therefore, the State could have carried its burden by establishing that Binaird impaired Pearson's physical condition, whether Pearson experienced substantial pain or not. Furthermore, the State presented sufficient evidence from which a jury could conclude that he suffered *substantial pain* without Pearson specifically parroting the word "substantial."

Binaird contends that the State failed to establish that Pearson's wounds resulted in "any effective impairment of his physical condition;" however, the record does not support this contention. Pearson testified that the wound to his back required two staples to close. The obvious impairment of physical condition that would result and the attendant pain sufficiently establishes that Pearson suffered the physical injury necessary to support a charge of assault second degree.

The abrasion on Pearson's arm also supports a finding that he suffered a physical injury. Pearson testified that he received two knife wounds during the altercation, the first to his arm and the second to his back. Binaird argues that Nurse Vaughn testified that the only wound the knife caused was the injury to Pearson's back. Nurse Vaughn, however, never testified that the wound to Pearson's back was the only knife wound, but rather the only incised wound. She testified that Pearson also had an abrasion and a puncture wound consistent with a bite mark. She did not exclude the possibility that a knife could cause either wound. Pearson testified that the abrasion on his arm was painful and that he had to clean and wrap it. This testimony establishes sufficient evidence for a jury to find that Pearson suffered the physical injury necessary to support the charge of assault second degree.

## CONCLUSION

The State presented sufficient evidence for a jury to find that Binaird physically injured Pearson. The trial judge did not abuse her discretion by curtailing questioning that became argumentative over the use of the word "substantial." By so limiting the questioning, the trial judge did not violate Binaird's right to confrontation. For the forgoing reasons, the judgment of the Superior Court is **AFFIRMED.**

---

14. 11 *Del. C.* § 222(24) (emphasis added).