**Ewelina Mrozik KULOWIEC,**
**Defendant Below,**
**Appellant,**

v.

**STATE of Delaware, Plaintiff**
**Below, Appellee.**

**No. 474, 2012.**

Supreme Court of Delaware.

Submitted: Feb. 27, 2013.

Decided: March 12, 2013.

Bernard J. O'Donnell, Esquire, Office of the Public Defender, Wilmington, Delaware, for appellant.

---

John Williams, Esquire, Department of Justice, Dover, Delaware, for appellee.

Before HOLLAND, BERGER and JACOBS, Justices.

HOLLAND, Justice:

The defendant-appellant, Ewelina Mrozik Kulowiec ("Ewelina"), appeals from a Superior Court judgment of conviction for Assault in the Third Degree. Ewelina was charged with Aggravated Menacing, Possession of a Firearm During the Commission of a Felony, Terroristic Threatening, and Assault in the Third Degree. Ewelina elected to have a non jury trial, after which she was acquitted of Aggravated Menacing, the firearm offense, and Terroristic Threatening, but was convicted of Assault in the Third Degree. She was sentenced to one year of imprisonment at Level 5, suspended for one year of probation at Level 2.

A person is guilty of Assault in the Third Degree when that person "intentionally or recklessly causes physical injury to another person." [1] On appeal, Ewelina argues that the State did not prove beyond a reasonable doubt that she inflicted "physical injury" upon her then-husband, Nacoma Kulowiec ("Nacoma"). The record does not support Ewelina's argument. Therefore, the judgment of the Superior Court must be affirmed.

### Facts[2]

Ewelina was married to Nacoma for approximately nine years. Prior to their divorce in May, 2012, Nacoma separated from Ewelina on two occasions, in July, 2009, and in January, 2010. He did not return after January, 2010, and ultimately filed a petition for divorce.

On September 15, 2011, Ewelina and Nacoma planned to meet at the Dover Air Force Base in order to complete the paperwork relating to their impending divorce, including a separation agreement and lease application. Nacoma, a Maryland resident, is a reservist in the United States Air Force and was on a tour of duty in Dover on this date. Ewelina, also a Maryland resident, drove approximately two and a half hours from Maryland to meet Nacoma in Dover.

Ewelina and Nacoma arranged to meet at the Dover Air Force Base Burger King restaurant. When Ewelina arrived at the Base, she was not permitted to enter because her military identification had expired. Therefore, Nacoma met her at the visitor center. From the visitor center, they drove to a nearby convenience store so that Ewelina could get something to eat. They then proceeded to the parking lot of a neighboring hotel to discuss separation and divorce matters.

After they parked, Ewelina began asking Nacoma about his new girlfriend and a child that he had with this woman. According to Nacoma's testimony, Ewelina did not know about his new "family" until two days prior, and she was very upset upon hearing the news. Ewelina testified that she had been aware of Nacoma's relationship and child since July, 2009. She obtained this information from Nacoma's locked cell phone without his permission, then later performed a computer search of the woman's name, drove to her home, and observed Nacoma's vehicle parked there.

According to Nacoma, Ewelina was very angry while discussing his infidelity in the hotel parking lot, and when he refused to

---

1. Del.Code Ann. tit. 11, § 611(1).

2. The facts are not in dispute. This factual recitation relies upon the State's brief. The only issue is how to legally characterize the extent of Nacoma's injuries. That issue is being raised for the first time on appeal.

discuss the details with her, she pulled a gun from her purse, pointed it at his head, and told him she was going to get the information she wanted. Ewelina testified, however, that she opened her purse to read an email on her phone when Nacoma observed the gun in her purse and "flew" over to her side of the car to grab the gun. This is also what she told the responding police officer on the date of the incident. When Ewelina issued a written statement approximately one year later, however, she wrote that she placed her hand on her gun because she was afraid of Nacoma. In any event, it is undisputed that a struggle for the gun ensued, and Ewelina bit Nacoma several times during this struggle.

Ewelina was permitted to carry a concealed weapon in Delaware but not in Maryland. She told the investigating officer, Corporal Jason Minear, and later testified, that she kept the gun in the trunk of her car during the drive from Maryland to Delaware. According to Ewelina, she retrieved the gun from the trunk after crossing the Delaware state line.

Nacoma testified that when Ewelina pulled the gun out of her purse, he believed she was going to kill him, so he grabbed the gun in order to disarm her. He testified that he was injured during this struggle when Ewelina bit him on him on his right forearm, on his wrist "right on the bone," and twice on the back of his right shoulder. Ewelina testified that she became afraid of Nacoma when he frantically reached for the gun, so she bit him to prevent him from grabbing the gun, and continued to bite him after he obtained the gun out of fear for her own safety.

During the two-day bench trial, defense counsel did not address the nature of Nacoma's injuries or argue that Nacoma was not physically injured during the incident. At the close of the evidence, the Superior Court trial judge found Ewelina not guilty of Aggravated Menacing, Possession of a Firearm During the Commission of a Felony, or Terroristic Threatening. The trial judge did find Ewelina guilty of Assault in the Third Degree on the basis that "the biting was admitted and clearly caused physical injury."

### Issue on Appeal

Title 11, section 611(1) of the Delaware Code provides that a person is guilty of Assault in the Third Degree when that person "intentionally or recklessly causes physical injury to another person." Title 11, section 222(23) of the Delaware Code ("section 222(23)"), in turn, defines "physical injury" as an "impairment of physical condition or substantial pain." On appeal, Ewelina claims that her biting was insufficient to establish "physical injury" beyond a reasonable doubt.

### Standard of Review

■ At her bench trial, Ewelina's defense counsel did not claim that there was insufficient evidence to support a finding beyond a reasonable doubt of "physical injury." Therefore, we review her claim on appeal for plain error.[3] "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[4]

### Harris v. State

In support of her position, Ewelina relies exclusively on *Harris v. State*.[5] In

3. Del.Supr. Ct. R. 8; *Dougherty v. State*, 21 A.3d 1, 3 (Del.2011).

4. *Dougherty v. State*, 21 A.3d at 3 (quoting *Turner v. State*, 5 A.3d 612, 615 (Del.2010)).

5. *Harris v. State*, 965 A.2d 691 (Del.2009).

*Harris,* the defendant, Jaray Harris, was convicted of Assault in the Second Degree for intentionally causing physical injury to a police officer.[6] Harris appealed the conviction and successfully argued that the officer's injuries did not rise to the level of "physical injury" under section 222(23).[7]

In *Harris,* the officer sustained a scraped knee and was elbowed in the head. The elbowing did not result in any swelling or bruising.[8] At trial, the police officer testified that he did not feel any pain when elbowed in the head, and he never sought medical attention for any of his injuries.[9] This Court concluded that the police officer's injuries were *de minimus,* and, therefore, did not rise to the level of physical injury under the statute. Accordingly, Jaray Harris' Assault in the Second Degree conviction was overturned.[10]

The State argues that the facts in this case are distinguishable from the facts that led to our decision in *Harris.* The State submits that the trial testimony, medical records, and bite photographs that were admitted as evidence in this case demonstrated that Nacoma's injuries exceeded those of the police officer in *Harris,* and would, therefore, qualify as "physical injury" under section 222(23). Nacoma testified that he was injured during the struggle with his wife. He described being bitten four times and described his wife as "fighting like a man." He stated that when he attempted to exit the car, his wife was biting his back such that "she was still attached to my back near my shoulder." Nacoma testified that he sought medical attention for his injuries on the evening of the assault at the Kent General Hospital.

Ewelina testified and admitted repeatedly biting her husband. She stated that immediately upon struggling with Nacoma, she bit him on the wrist. She stated that the gun came out of her purse as she was biting him, and she "kept biting him because he was frantic."

In *Harris,* this Court found that the elbow to the police officer's head "resulted in nothing more than a red mark," and there was no evidence of "bruising, swelling, or other 'after effects' that impaired [the officer's] physical condition in any way." [11] In addition, this Court found that although the scratches on the officer's knee hurt, there was no evidence "that the scratches caused any continuing discomfort or limited use of his knee." [12]

During the trial in this case, the State submitted Nacoma's medical records into evidence. The "Emergency Department Chart," indicates that at 8:11 p.m., three hours after the incident, the doctor found that Nacoma was still in mild distress from his injuries. In addition, the doctor noted "multiple areas of local tenderness" and "several discrete area [sic] which are red and inflamed and suggest envenomation. . . ." The doctor also noted bruising, abrasions, erythema, and swelling around the human bite marks.

The State argues that these objective findings in the medical records are significant because they are exactly what this Court in *Harris* noted were not present with regard to the condition of the victim police officer. The State also argues that the findings in the medical records are corroborated by the photographs of the

6. *Id.* at 693.

7. *Id.* at 694.

8. *Id.*

9. *Id.*

10. *Id.*

11. *Harris v. State,* 965 A.2d at 694.

12. *Id.*

bite marks submitted at trial. The State submits that the wounds visible in these photos are greater than a scraped knee or slight red mark. Therefore, the State argues that its evidence at trial conclusively established that Nacoma's injuries were not *de minimus* under the standard set forth in the *Harris* case.

## Post Harris *Cases*

In further support of its position, the State argues Nacoma's case is remarkably similar to a subsequent case, *Moye v. State*,[13] in which this Court found that a single bite injury constituted sufficient evidence of "physical injury" under the Delaware assault statute.[14] In *Moye*, the defendant bit a police officer during a struggle.[15] The officer did not realize he had been bitten at the time it occurred. This Court held that, based upon teeth marks and broken skin, the "jury could infer from this evidence that [the officer] suffered 'physical injury.'"[16] In *Moye*, this Court cited to *McKnight v. State*,[17] which held that a bite was sufficient evidence of "physical injury" even without a showing that the injury caused any pain.[18]

The State submits that two additional cases that were decided after *Harris* also support the trial judge's finding of physical injury in this case. In *Binaird v. State*,[19] this Court held that an abrasion on the victim's arm supported a finding of physical injury.[20] The victim testified that the abrasion was painful, and he had to clean and wrap it.[21] This Court deemed this testimony sufficient evidence for a jury to find that the victim sustained a physical injury.[22]

In *Mumitt v. State*,[23] this Court noted that under section 222(23), "substantial pain" is not defined, but should be given "its commonly accepted meaning."[24] Moreover, a victim need not "say the specific statutory words 'substantial pain.'"[25] In *Mumitt*, the defendant hit the victim's bare buttocks with a belt.[26] The defendant argued that there was no evidence that the victim sustained substantial pain or impairment of physical condition.[27] However, this Court found that because the victim was overheard crying during the incident and complained that her but-

13. *Moye v. State*, 988 A.2d 937 (Del. Jan. 20, 2010) (table).

14. *Id.* at *1 ("The bite left teeth marks and broke the skin. The jury could infer from this evidence that [the victim] suffered 'physical injury'" under section 222(23).). Our *Moye* decision at footnote 3 accidentally cites to section 222(24) to define "physical injury," but the relevant statutory provision is section 222(23).

15. *Id.*

16. *Id.* at *2.

17. *McKnight v. State*, 753 A.2d 436 (Del. 2000).

18. *Id.* at 437–38 ("[W]e have held that a bite on the forearm established evidence of physical injury, even when there was no suggestion that the injury caused any pain."). Our *McKnight* decision at footnote 4 accidentally

cites to section 222(22) to define "physical injury," but the relevant statutory provision is section 222(23).

19. *Binaird v. State*, 967 A.2d 1256 (Del.2009).

20. *Id.* at 1261.

21. *Id.*

22. *Id.*

23. *Mumitt v. State*, 981 A.2d 1173 (Del. Oct. 6, 2009) (table).

24. *Id.* at *2.

25. *Id.* at *3.

26. *Id.* at *1.

27. *Id.* at *2.

tocks was sore, there was sufficient evidence for a rational trier of fact to infer that she suffered "substantial pain." [28]

### Conclusion

■ Two Delaware cases are directly on point here: *Moye v. State*[29] and *McKnight v. State*.[30] Both hold that a bite constitutes "physical injury" under title 11, section 222(23) of the Delaware Code.[31] Ewelina does not address these two cases. The only decision that Ewelina cites, *Harris v. State*,[32] is distinguishable.

Nacoma's injuries are undoubtedly more significant that those experienced by the police officer in *Harris*. Looking to the cases decided after *Harris*, this Court has deemed a single bite wound, a forearm abrasion, and a sore buttocks to be physical injuries under section 222(23). All of these injuries are clearly less severe than those sustained by Nacoma.

The Superior Court properly found that Nacoma suffered "physical injury" under title 11, section 222(23) of the Delaware Code, and determined Ewelina was guilty of Assault in the Third Degree under title 11, section 611(1) of the Delaware Code. Therefore, the judgment of the Superior Court is affirmed.

---

**28.** *Id.* at *3.

**29.** *Moye v. State*, 988 A.2d 937 (Del. Jan. 20, 2010) (table).

**30.** *McKnight v. State*, 753 A.2d 436 (Del. 2000).

**31.** *See Moye v. State*, 988 A.2d 937, at *2 and *McKnight v. State*, 753 A.2d at 437–38.

**32.** *Harris v. State*, 965 A.2d 691 (Del.2009).