IN THE SUPREME COURT OF THE STATE OF DELAWARE

ANDRE BINAIRD, §
§
Defendant Below, § No. 584, 2014
Appellant, §
§
v. §
§ Court Below: Superior Court
STATE OF DELAWARE, § of the State of Delaware,
§ in and for New Castle County
Plaintiff Below, § Cr. ID No. 0709033236
Appellee. §
§

Submitted: November 10, 2014
Decided: December 29, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

# **O R D E R**

This 29th day of December 2014, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Andre Binaird, filed this appeal from the Superior Court's September 23, 2014 order denying his motion for a rehearing and his motion for appointment of counsel. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Binaird's opening brief that his appeal without merit.[1] We agree and affirm as to the

---

[1] Supr. Ct. R. 25(a).

Superior Court's denial of Binaird's motion for a rehearing. The remainder of Binaird's appeal is premature and interlocutory.

(2) The record reflects that, in March 2008, a Superior Court jury convicted Binaird of Assault in the Second Degree, Possession of a Deadly Weapon During the Commission of a Felony, Criminal Trespass in the First Degree (as a lesser included offense of the indicted charge of Burglary in the Second Degree), Criminal Mischief, and Noncompliance with the Conditions of Bond. The Superior Court found Binaird to be a habitual offender and sentenced him to eight years of Level V incarceration for Assault in the Second Degree. On the remaining convictions, the Superior Court sentenced Binaird to a total period of eight years and sixty days of Level V incarceration, suspended after seven years for probation. This Court affirmed the Superior Court's judgment on direct appeal.[2]

(3) Binaird filed his first motion for postconviction relief on August 7, 2009. Binaird asserted eight grounds for relief, including ineffective assistance of counsel and prosecutorial misconduct. On April 26, 2010, the Superior Court denied the motion. This Court affirmed the Superior Court's denial of Binaird's first motion for postconviction relief.[3]

---

[2] *Binaird v. State*, 967 A.2d 1256 (Del. 2009).

[3] *Binaird v. State*, 2010 WL 4320375 (Del. Nov. 1, 2010).

(4) Binaird filed his second motion for postconviction relief, again asserting ineffective assistance of counsel claims, on January 14, 2014. Binaird also filed a motion for appointment of counsel. On March 20, 2014, the Superior Court denied the motion for postconviction relief as procedurally barred under Superior Court Criminal Rule 61. The Superior Court also denied the motion for appointment of counsel because Binaird had not identified any authority entitling him to appointment of counsel.

(5) On March 31, 2014 and April 2, 2014, Binaird asked the Superior Court to rehear the denial of his motion for postconviction relief. On April 10, 2014, Binaird filed a notice of appeal from the Superior Court's March 20, 2014 order. On April 16, 2014, the Superior Court informed Binaird that it lacked jurisdiction to consider his requests for rehearing as a result of the appeal. Binaird voluntarily dismissed his appeal on April 28, 2014.

(6) On May 12, 2014, Binaird filed his third motion for postconviction relief, again based on ineffective assistance of counsel, and a motion for appointment of counsel. On May 29, 2014, Binaird filed another motion for rehearing of the Superior Court's March 20, 2014 order.

(7) On September 23, 2014, the Superior Court denied the May 29, 2014 motion for rehearing. The Superior Court concluded that it lacked jurisdiction to consider the motion because it was filed more than five days after entry of the

Superior Court's March 20, 2014 order.  The Superior Court denied the motion for appointment of counsel on the same grounds.  The Superior Court did not address the third motion for postconviction relief.  On October 14, 2014, Binaird filed a notice of appeal from the Superior Court's September 23, 2014 order.

(8)　On appeal, Binaird contends that the Superior Court erred "by not officially making a ruling on appellants Rule 61 but instead dismissing it as a reconsideration request" and in denying his motion for appointment of counsel.[4] Contrary to Binaird's suggestion, the Superior Court did not rule on Binaird's third motion for postconviction relief.  The Superior Court's September 23, 2014 order addressed the May 29, 2014 motion for rehearing, but did not address the May 12, 2014 motion for postconviction relief.  The record does not reflect that the Superior Court has ruled on Binaird's third motion for postconviction relief.  In the absence of a ruling on the third motion for postconviction relief, any appeal from this motion is premature.[5]

(9)　This Court presently lacks jurisdiction to consider the Superior Court's denial of Binaird's motion for appointment of counsel.　Under the Delaware Constitution, only a final judgment may be reviewed by the Court in a

---

[4] Appellant's Opening Brief at 8.

[5] Supr. Ct. R. 6(a)(iii) (requiring that notice of postconviction appeal be filed within 30 days after entry of order or judgment in proceeding for postconviction relief); *Milton v. State*, 2014 WL 4510641, at *1 (Del. Sept. 12, 2014) (dismissing appeal for lack of jurisdiction where Superior Court had not yet ruled on motion for postconviction relief).

criminal case.[6] This Court has no jurisdiction to hear an appeal from an interlocutory order in a criminal matter.[7]

(10) The Superior Court's September 23, 2014 order denying Binaird's motion for appointment of counsel is interlocutory. The denial of the motion for appointment of counsel is not appealable as a collateral order before the entry of a final judgment on Binaird's third motion for postconviction relief.[8] The Superior Court has not ruled on Binaird's third motion for postconviction relief and therefore this Court lacks jurisdiction to consider the denial of Binaird's motion for appointment of counsel.

(11) Finally, to the extent Binaird challenges the denial of his motion for rehearing, this claim is without merit. A motion for reargument must be filed within five days of the filing of the Superior Court's decision.[9] All of the motions for rehearing that Binaird filed (on March 31, 2014, April 2, 2014, and May 29,

---

[6] Del. Const. art IV, § 11(1)(b).

[7] *Robinson v. State*, 704 A.2d 269, 271 (Del. 1998); *see also Gregory v. State*, 2014 WL 2565705, at *1 (Del. June 4, 2014).

[8] *Harris v. State*, 2013 WL 4858990, at *1 (Del. Sept. 10, 2013).

[9] Super. Ct. Crim. R. 57(d) ("In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule or in any lawful manner not inconsistent with these rules or the rules of the Supreme Court."); Super. Ct. Civ. R. 59(e) ("A motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision."); *Boyer v. State*, 2007 WL 452300, at *1 (Del. Feb. 13, 2007) (recognizing that motion for reargument filed more than five days after filing of denial of motion for sentence modification was untimely).

2014) were filed more than five days after the filing of the March 20, 2014 order. The Superior Court does not have jurisdiction to consider an untimely motion for reargument.[10]  Accordingly, the Superior Court did not err in denying Binaird's motion for rehearing of the March 20, 2014 order.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED, in part, and the appeal is DISMISSED, in part as described above.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[10] *Id.* (citing *Preform Bldg. Components, Inc. v. Edwards*, 280 A.2d 697, 698 (Del. 1971)).