In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 03-3438

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

ROBERT A. SOY,

*Defendant-Appellant*.

No. 04-1218

ROBERT A. SOY,

*Petitioner-Appellant*,

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

_____

Appeals from the United States District Court
for the Northern District of Indiana, Hammond Division.
Nos. 92 CR 42 & 00 C 624—**Rudy Lozano**, *Judge*.

_____

On Petition for Rehearing

_____

DECIDED JULY 27, 2006

_____

Before POSNER, RIPPLE and WOOD, *Circuit Judges*.

RIPPLE, *Circuit Judge*. In his petition for rehearing, Mr. Soy submits that we should have vacated his conspiracy convic-

tion because the jury's verdict may be based on a constitutionally invalid theory. More specifically, Mr. Soy maintains that this court's decision, affirming his conviction for conspiracy, violates the rule of *Stromberg v. California*, 283 U.S. 359 (1931), because it allows the jury's conspiracy verdict to stand even though the jury may have employed an unconstitutional theory in reaching that verdict. His argument proceeds as follows: (1) The bombing set forth in Count II of the indictment was one of the overt acts (the fourth to be precise) charged in Count I of the indictment, the conspiracy to commit arson in violation of 18 U.S.C. § 844(i). (2) In *United States v. Jones,* 526 U.S. 227 (1999), the Supreme Court determined that the interstate commerce element of § 844(i) is not satisfied by a home's receipt of natural gas from another state; instead, in order to satisfy that element, the building itself must be used in interstate commerce. (3) The only evidence that the jury received with respect to the interstate commerce element was that the gas flowing to the victim's house came from outside the state. (4) Consequently, to the extent that the jury may have rested Mr. Soy's conspiracy conviction on overt act 4 of the indictment, it relied on legally insufficient grounds.

Mr. Soy was convicted under the general conspiracy statute, 18 U.S.C. § 371. That statute provides, in relevant part, that, "[i]f two or more persons conspire either to commit any offense against the United States, . . . and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 371. To prove a violation of § 371, the Government must establish: (1) an agreement to commit an offense against the United States; (2) an overt act in furtherance of the conspiracy; and (3) knowledge of the conspiratorial purpose. *See, e.g., United States v. James*, 923 F.2d 1261, 1266 (7th Cir. 1991). Further-

more, "in order to sustain a judgment of conviction on a charge of conspiracy to violate a federal statute, the Government must prove at least the degree of criminal intent necessary for the substantive offense itself." *United States v. Feola*, 420 U.S. 671, 686 (1975). Therefore, to sustain its burden of proof in this case, the Government had to prove that Mr. Soy agreed to violate 18 U.S.C. § 844(i). Finally, the overt act necessary for the conspiracy conviction need not be the underlying substantive crime or an element of that crime. *See, e.g., United States v. Lahey*, 55 F.3d 1289, 1293 (7th Cir. 1995) ("Although the government was required to prove that an overt act was committed in furtherance of the conspiracy by one of the coconspirators, overt acts do not have to be substantive crimes themselves." (internal quotation marks and citations omitted)).

In Mr. Soy's case, the fourth overt act of Count I of the indictment charged that "[O]n or about December 23, 1991 . . . Robert A. Soy, did maliciously damage and destroy, by means of an explosive to wit: a pipe bomb, a building and other real and personal property located at 1425 Stanton, Hammond, Indiana which property was used in or affected interstate commerce, which resulted in the death of Emily Antkowicz." After *Jones*, 526 U.S. 227, whether Ms. Antkowicz' house "and other real and personal property" located at that address can be considered to have been used in or affecting interstate commerce is uncertain. The Court's decision in *Jones* precludes reliance solely on the building because it was used as a personal residence. As we noted in our opinion, "[i]t is possible that, if the Government established that the meter was NIPSCO's personal property and was 'used in' interstate commerce, the requirements of *Jones* would have been satisfied." *United States v. Soy*, 413 F.3d 594, 605 n.11 (7th Cir. 2005). However, the Government points to no place in the record where it

presented such evidence, and the jury never specifically found that the meter in fact was used in interstate commerce.

We do not believe, however, that the absence of such evidence was fatal to the Government's case on the conspiracy charge. We have held that the interstate commerce requirement of § 844(i) is "jurisdictional," not in the sense "that it affects a court's subject matter jurisdiction," but in the sense that "without that nexus, there can be no federal crime under the . . . statute." *United States v. Martin*, 147 F.3d 529, 531-32 (7th Cir. 1998). Because the purpose of this element is simply to confer federal jurisdiction, courts have not required that the Government prove that the defendant had knowledge that the building, which was the subject of the arson, was used in an activity affecting interstate commerce in order to violate § 844(i); it is sufficient that the building falls within that category. *United States v. Muza*, 788 F.2d 1309, 1311-12 (8th Cir. 1986); *see also United States v. Salameh*, 152 F.3d 88, 154 n.16 (2d Cir. 1998).

In *United States v. Pinckney*, 85 F.3d 4 (2d Cir. 1996), the court considered the interstate commerce requirement in the context of an alleged conspiracy, specifically a conspiracy to violate 18 U.S.C. § 2322(b). The Second Circuit stated:

> One of the elements of the substantive crime of operating a chop shop is that the vehicle parts enter interstate commerce. 18 U.S.C. § 2322(b). And this must be proven beyond a reasonable doubt. Under *United States v. Rosa*, [17 F.3d 1531 (2d Cir. 1994),] if the interstate commerce element is merely jurisdictional, and the government proves that the goods entered interstate commerce, the conviction for conspiracy will stand whether or not defendants knew of the interstate nature of their actions because "knowledge that the goods have

> traveled interstate . . . is irrelevant to the essential nature of [the] agreement." *Rosa*, 17 F.3d at 1546. If the interstate commerce element is merely jurisdictional, and the government fails to prove the goods entered interstate commerce, the conspiracy is also proven if one conspirator believed the goods were to enter interstate commerce. *See id.* If, on the other hand, the interstate commerce nexus is a mens rea element of the crime, proof of conspiracy depends on proof that the conspirators believed vehicle parts were to enter interstate commerce. *See id.*

*Pinckney*, 85 F.3d at 8.

Applying the reasoning of *Pinckney* to the present case, the interstate nexus requirement (which, as noted above, is "jurisdictional") can be established in one of two ways: (1) by establishing the bombed building(s) were used in interstate commerce; or (2) by showing that one of the conspirators believed that the targeted buildings were used in interstate commerce.

Here, the interstate nexus is satisfied by the fact that several of the overt acts of the conspiracy did involve buildings that were used in interstate commerce. As noted in our earlier opinion, Mr. Soy was convicted on four substantive counts of arson, all of which were charged as overt acts in the conspiracy and all of which satisfied the interstate commerce requirement. Count six of the indictment, which corresponded to the tenth overt act, charged Mr. Soy with the bombing of Edo's Lounge; with respect to this count, we concluded that, "in light of our determination that the per se rule of *Russell* [*v. United States*, 471 U.S. 858 (1985),] extends to restaurants and bars, we also must reject Mr. Soy's alternative claim that the Government failed to meet its burden of proof that the building housing Edo's

Lounge was used in interstate commerce." *Soy*, 413 F.3d at 604. We reached the same conclusion with respect to the bombing of Salvino's Restaurant (Count 10 and the tenth overt act). *See id.* at 605. *Russell*'s per se rule also applied to the bombing of the apartment complexes charged in Counts 14 and 18 (the eleventh and fifteenth overt acts, respectively). *See id.*

As set forth above, not one but several of the buildings that were the targets of the conspiracy were buildings used in interstate commerce, and, therefore, there is no legal infirmity or factual insufficiency with respect to Mr. Soy's conviction for conspiracy.

We have examined all other matters raised in the petition for rehearing and deem them without merit. Accordingly, the petition for rehearing is denied.

PETITION DENIED

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*

USCA-02-C-0072—7-27-06