# In the
# United States Court of Appeals
## For the Seventh Circuit

Nos. 06-4211, 06-4212, 06-4271, 07-1940, 07-2012

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RODGER GRIGGS, DONALD GRIGGS,
JULIE GRIGGS, WAYNE MOORE,
and SHAWN SHROYER,

*Defendants-Appellants.*

Appeals from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:04-CR-00071—**Allen Sharp**, *Judge.*

ARGUED FEBRUARY 9, 2009—DECIDED JUNE 24, 2009

Before POSNER and SYKES, *Circuit Judges*, and DOW, *District Judge.*[1]

POSNER, *Circuit Judge.* The defendants were charged with a variety of federal crimes (wire fraud and con-

---

[1] Judge Robert M. Dow, Jr., of the Northern District of Illinois, sitting by designation.

spiracy to commit wire fraud, money laundering and conspiracy to commit money laundering, and tax evasion and failure to file tax returns) committed in furtherance of a typical Ponzi scheme, in which investors in the defendants' enterprises were made false promises of exorbitant profits and lost more than $5 million. The defendants, all but Moore, were tried together to a jury, and convicted; Moore was tried separately, also to a jury, and was also convicted. The defendants received sentences ranging from 30 months for Shroyer to 235 months for Rodger Griggs, the ringleader.

All five defendants challenge the sufficiency of the evidence to convict them. In the case of Rodger Griggs, the challenge is frivolous and so requires no discussion. In the case of the other defendants the challenge borders on the frivolous and warrants only a brief discussion. As is typical in fraud cases, most of the participants claimed not to have known that they were participating in a fraudulent scheme. Julie Griggs, for example, Rodger Griggs's wife, testified that she knew nothing about her husband's business, though she was a trustee of two of the phony enterprises that he used in executing the Ponzi scheme and the signatory on one of the bank accounts to which investors wired their investments. She made efforts to avoid learning of her husband's scheme, for example by leaving the room in which he was discussing it with another of the conspirators. But avoidance behavior is itself evidence of guilty knowledge—the classic "ostrich" behavior that elicits an ostrich instruction, which the judge gave. *United States v. Strickland*, 935 F.2d 822, 826-28 (7th Cir. 1991); *United*

*States v. Giovannetti*, 919 F.2d 1223, 1228 (7th Cir. 1990); *United States v. Ramsey*, 785 F.2d 184, 189 (7th Cir. 1986); *United States v. Azubike*, 564 F.3d 59, 66-68 (1st Cir. 2009).

The only other issue that requires discussion concerns omissions in the instructions given to the jury in Moore's trial. The jury was not instructed that to convict him of conspiracy, in violation of 18 U.S.C. § 371, which requires proof of an overt act committed by a conspirator in furtherance of the conspiracy, it had to agree unanimously on at least one overt act. Nor was it instructed that to find him guilty of conspiracy to commit wire fraud it had to find that the fraudulent scheme involved an interstate or foreign transmission by wire. His lawyer did not object to these omissions, and so our review is for plain error.

We don't think the judge was required (or indeed permitted) to tell the jury that, to convict Moore, it had to agree unanimously on an overt act that at least one of the conspirators had committed. We thus agree with the only previous appellate case to have answered the question, *United States v. Sutherland*, 656 F.2d 1181, 1202 (5th Cir. 1981), though a number of cases have avoided deciding it because the answer would not have affected the outcome of the appeal. See *United States v. Matthews*, 505 F.3d 698, 709-10 (7th Cir. 2007); *United States v. Jorgensen*, 144 F.3d 550, 561 (8th Cir. 1998); *United States v. Shaoul*, 41 F.3d 811, 817-18 (2d Cir. 1994).

The law distinguishes between the elements of a crime, as to which the jury must be unanimous, and the means by which the crime is committed. *Richardson v. United*

*States*, 526 U.S. 813, 817-18 (1999); *Schad v. Arizona*, 501 U.S. 624, 631 (1991) (plurality); *id.* at 649 (concurring opinion); *United States v. Gibson*, 530 F.3d 606, 611-12 (7th Cir. 2008); *United States v. Talbert*, 501 F.3d 449, 451-52 (5th Cir. 2007). If the jurors in our case disagreed about which of the overt acts charged were committed, that was less momentous than failing to agree on what crime the defendant had committed. Suppose a person is charged with Medicare fraud and child molestation, and half the jury think him guilty of the first crime and innocent of the second and the other half think him guilty of the second crime and innocent of the first. The defendant would have been convicted of a crime—actually of two crimes—on the basis of a nonunanimous jury verdict, and the convictions would have to be set aside. See *Schad v. Arizona*, *supra*, 501 U.S. at 633 (plurality opinion).

The jurors agreed unanimously on what crime Moore had committed—agreed in other words that he had taken a step toward accomplishing the goal of the conspiracy, had gone beyond mere words. *Yates v. United States*, 354 U.S. 298, 334 (1957), overruled on other grounds by *Burks v. United States*, 437 U.S. 1 (1978). That they may have disagreed on what step he took was inconsequential, especially since they didn't have to find that the step was itself a crime, *Braverman v. United States*, 317 U.S. 49, 53 (1942); *United States v. Soy*, 454 F.3d 766, 768 (7th Cir. 2006), or even base conviction on an overt act charged in the indictment. *United States v. McKinney*, 954 F.2d 471, 476-77 (7th Cir. 1992); *United States v. Pomales-Lebrón*, 513 F.3d 262, 269 (1st Cir. 2008).

The requirement of proving an overt act is a statutory afterthought. Conspiracy was criminal at common law without an overt act, *United States v. Shabani*, 513 U.S. 10, 13-14 (1994), and remains so with regard to conspiracies to violate the federal drug laws, for example. 21 U.S.C. § 846. Although Moore was convicted of conspiracy in violation of a statute (18 U.S.C. § 371, the general federal conspiracy statute) that requires proof of an overt act, two of his codefendants were convicted of violating 18 U.S.C. § 1956(h)—conspiracy to engage in money laundering—which does not require such proof. *Whitfield v. United States*, 543 U.S. 209 (2005). It is no surprise that, as stated in the plurality opinion in the *Schad* case, "an indictment need not specify which overt act, among several named, was the means by which a crime was committed." 501 U.S. at 631.

Failing to agree on the overt act that the defendant committed is not like failing to agree on the object of the conspiracy, *United States v. Sababu*, 891 F.2d 1308, 1325-26 (7th Cir. 1989); *United States v. Mauskar*, 557 F.3d 219, 227 (5th Cir. 2009); *United States v. Pierce*, 479 F.3d 546, 552 (8th Cir. 2007), or on which statement is the basis of a perjury conviction, *United States v. Fawley*, 137 F.3d 458, 471 (7th Cir. 1998); *United States v. Richardson*, 421 F.3d 17, 31 (1st Cir. 2005), or on which offenses constitute the predicate of a continuing criminal enterprise conviction. *Richardson v. United States*, *supra*, 526 U.S. at 824. All those are cases in which the jury fails to agree on the crime that the defendant committed.

But, turning now to Moore's second argument, we discover that the jury may not have been unanimous

about the *elements* of his crime. It was not instructed that the prosecution had to prove the interstate use of wire transmissions, though it is an element of the crime of wire fraud and not just a jurisdictional prerequisite to be determined by the judge. 18 U.S.C. § 1343; *Hugi v. United States*, 164 F.3d 378, 380-81 (7th Cir. 1999). But the error was not prejudicial, and so does not merit reversal on plain-error review. *United States v. Olano*, 507 U.S. 725, 734 (1993). For that matter, it would not merit reversal even if it had been objected to, because it was a harmless error (a more exacting standard than not prejudicial); and even the error of failing to state in an instruction an element of the defendant's crime can if harmless be forgiven. *Neder v. United States*, 527 U.S. 1, 15-16 (1999); *United States v. Webber*, 536 F.3d 584, 596 (7th Cir. 2008). There was never doubt that the conspiracy had involved the use of interstate communications by wire, which may be why the lawyers and the district judge didn't notice the omission from the instructions.

Nor for that matter was there doubt that the conspirators had committed numerous overt acts; so even if the judge should have instructed the jury that it had to agree unanimously about which overt act or acts had been committed, the error would have been harmless.

AFFIRMED.