
Scott DOUGHERTY, Defendant Below–Appellant,

v.

STATE of Delaware, Plaintiff Below–Appellee.

No. 698, 2010.

Supreme Court of Delaware.

Submitted: March 22, 2011.

Decided: June 9, 2011.

John S. Malik, Esquire, of Wilmington, Delaware, for Appellant.

Elizabeth R. McFarlan, and Elizabeth A. Powers, Esquires, of the Department of Justice, Wilmington, Delaware, for Appellee.

Before STEELE, Chief Justice, JACOBS, and RIDGELY, Justices.

RIDGELY, Justice:

Title 11, section 512 of the Delaware Code provides that a person is guilty of conspiracy second degree when, intending to promote the commission of a felony, "the person . . . [a]grees to aid another person . . . in the planning or commission of the felony . . . and the person or another person with whom the person conspired commits an overt act in pursuance of the conspiracy." A jury convicted Defendant–Below/Appellant, Scott Dougherty of that crime after the trial judge instructed the jury on the elements of the crime. By its verdict, the jury found that Dougherty or his co-conspirator committed an overt act in pursuance of the conspiracy. In this case, the overt act charged in the indictment was engaging in conduct constituting burglary second degree, an attempt to commit that crime, or "some other overt act" in pursuance of the conspiracy. The issue is whether the trial judge committed plain error by not, *sua sponte,* giving a specific unanimity instruction requiring

the jury to determine unanimously which particular overt act was committed. We conclude that the trial judge did not commit plain error and, accordingly, affirm the judgment of the Superior Court.

### Facts and Procedural History

One morning, nearly two years ago, Barbara Kukulich discovered that her home had been burglarized. She noticed that "[her] jewelry was gone, and there was a couple things on the floor scattered, and [her] [ ] change was missing." Kukulich called the police. Shortly thereafter, the police arrived and conducted the initial stage of their investigation.

The investigation further developed when Scott Culin was arrested for an unrelated burglary. Culin gave the police a statement regarding his involvement in the burglary of Kukulich's home, and indicating that Dougherty also was involved in that burglary.

Thereafter, Dougherty was charged by indictment with burglary second degree, felony theft, and conspiracy second degree. The matter proceeded to a jury trial. Several witnesses testified, including Culin, who relevantly testified as follows:

[A]nyway, [Dougherty and I] needed money. And I remember I came up with an idea a while ago, sort of a pipe dream, saying that [Kukulich's] house, [her son] used to be my best friend back in middle school. And it was always just thrown out there, but never taken seriously. And then that day somehow [Dougherty and I] thought it would be a good idea to go in it.

\* \* \*

Then [ ] we went around [to the] back [of Kukulich's house], and the back laundry room door I believe it was unlocked.... And then I remember there's a discussion whether to do it ...

but it was more like we made it this far, go. So it was go.

\* \* \*

... [W]e made our way through the kitchen up to the stairs up to the master bedroom.

Culin then described the burglary in detail. Culin also testified that he and Dougherty agreed to employ another man, Jason Czarnota, to sell several of the stolen items. Culin testified that Dougherty drove them to a jewelry store in Pennsylvania and that Czarnota sold the items stolen from Kukulich's home for approximately $550. Culin testified that Dougherty was involved heavily in the negotiations at the jewelry store. Czarnota, who also testified, corroborated Culin's account of Dougherty's post-burglary actions.

After the defense presented its case, Dougherty moved for judgment of acquittal. The trial judge denied that motion. No request was made by defense counsel for a specific unanimity jury instruction. The trial judge then instructed the jury on conspiracy second degree as follows:

[I]n order to find the defendant guilty of Conspiracy in the Second Degree, you must find that each of the following three elements has been established beyond a reasonable doubt:

First, the defendant intended, that is, it was his conscious objective or purpose to facilitate the commission of Burglary Second Degree. Second, the defendant either agreed with Scott D. Culin that they would engage in conduct constituting Burglary Second Degree or agreed to aid Scott D. Culin in planning and committing Burglary Second Degree. And, third, the defendant or another person with whom he conspired committed an overt act in pursuit of this conspiracy. An overt act is any act to pursue or advance the purposes of the conspiracy.

After closing arguments, the trial judge also instructed the jury as follows: "As I mentioned all 12 jurors must agree upon any verdict."

The jury found Dougherty guilty of conspiracy second degree, but not guilty of burglary second degree and theft. Thereafter, Dougherty moved for a new trial or, alternatively, judgment of acquittal. The trial judge denied that motion and explained:

> Defendant has failed to meet his burden of proving plain error. He has not shown conclusively that but for the failure of the Court to give a specific unanimity jury instruction, the outcome would have been different. This is not one of the rare and unique circumstances in which the Delaware Supreme Court has decided that the interests of justice require a *sua sponte* jury instruction.[1]

The trial judge sentenced Dougherty to two years at Level V supervision, suspended immediately for one year at Level II supervision. This appeal followed.

### Discussion

Dougherty argues that "since the State alleged alternative overt acts underlying the conspiracy second degree charge in the indictment, plain error was committed when the [trial judge] failed to give [*sua sponte*] the jury a specific unanimity instruction that required the jury to indicate which of the alternative overt acts they unanimously found had been committed to support [the] conspiracy conviction."[2]

 Because Dougherty did not request a specific unanimity instruction at his trial, we review Dougherty's claim on appeal for plain error.[3] "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[4] "Furthermore, the doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[5]

### A General Unanimity Instruction Typically Suffices

In *Probst v. State*,[6] this Court explained that a general unanimity instruction typically suffices to insure that the jury is unanimous on the factual basis for a conviction. But, *Probst* also recognized that the general rule does not apply "where there are factors in a case which create the

---

1. *State v. Dougherty*, 2010 WL 4056152, at *3 (Del.Super. Sept. 30, 2010) (citation omitted).

2. The indictment relevantly provided: "Scott F. Culin and Scott C. Dougherty ... did commit an overt act in pursuance of said conspiracy by engaging in conduct constituting said felony, an attempt to commit or by committing some other overt act in pursuance of the conspiracy."

3. *See* Supr. Ct. R. 8("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."); Super. Ct.Crim. R. 30 ("No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before or at a time set by the court immediately after the jury retires to consider its verdict, stating distinctly the matter to which that party objects and the grounds of the objection."); *Turner v. State*, 5 A.3d 612, 615 (Del.2010) (quoting *Wainwright v. State*, 504 A.2d 1096, 1100 (Del.1986)).

4. *Turner*, 5 A.3d at 615 (quoting *Wainwright*, 504 A.2d at 1100).

5. *Id.*

6. 547 A.2d 114 (Del.1988).

potential that the jury will be confused."[7] The Court in *Probst* then explained that a more specific jury instruction—a single theory unanimity instruction—is required if the case presents the following three circumstances: (1) "[the] jury is instructed that the commission of any one of several alternative actions would subject the defendant to criminal liability," (2) "the actions are conceptually different," and (3) "the State has presented evidence on each of the alternatives."[8] The Court in *Probst* carefully explained that this test has narrow applicability:

> [T]his Court does not hold that a specific unanimity instruction is required in every case where a defendant may be convicted as a principal or as an accomplice. In fact, this Court recognizes that even when principal and accomplice liability theories are advanced, a general unanimity instruction is usually sufficient in the absence of a defense request for a specific instruction or in the absence of unusual circumstances creating a potential for confusion, e.g., alternative incidents which subject the defendant to criminal liability.[9]

*Probst* was the exception to the rule that a general unanimity instruction typically suffices. In several cases since *Probst*, we have held that the trial court did not err in not giving a specific unanimity instruction because we concluded that the underlying actions in those cases were not "conceptually different."[10]

### Specific Unanimity Instructions As Applied to the Overt Act Requirement

Title 11, section 512 of the Delaware Code provides:

> A person is guilty of conspiracy in the second degree when, intending to promote or facilitate the commission of a felony, the person:
>
> (1) Agrees with another person or persons that they or 1 or more of them will engage in conduct constituting the felo-

---

**7.** *Id.* at 120 (citing *United States v. Beros*, 833 F.2d 455, 460 (3d Cir.1987)).

**8.** *Id.* at 121 (quoting *State v. Edwards*, 10 Conn.App. 503, 524 A.2d 648, 653 (1987)). In *Probst*, it was undisputed that the victim was shot, but there was conflicting and confusing testimony regarding who shot him. *See id.* at 116–17. The defendant testified that she fired her shotgun into the air to frighten the victim and that her accomplice fired his shotgun in the direction of the victim. *Id.* at 116. The accomplice testified that he shot twice in the victim's direction, but towards the ground in front of the victim. *Id.* The accomplice's son testified that he saw the defendant fire her shotgun into the field and that his father fired "twice into the weeds." *Id.* The State submitted its case to the jury under the theory that the defendant was guilty of shooting the victim or that she was guilty of shooting the victim as a result of encouraging her accomplice to fire. *Id.* On a Motion for Rehearing *En Banc*, the Court explained that a single theory unanimity theory jury instruction was "desirable" because there was one charge and "evidence of two separate incidents ([the defendant's] shots and [the accomplice's] shots) to support a conviction on alternate theories of liability." *Id.* at 124 (citing *Davis v. United States*, 448 A.2d 242, 243–44 (D.C.1982)).

**9.** *Id.* at 122 (citing *Shivers v. United States*, 533 A.2d 258, 261–63 (D.C.1987)).

**10.** *See Hoskins v. State*, 14 A.3d 554, 562–65 (Del.2011); *Soliman v. State*, 918 A.2d 339, 2007 WL 63359 (Del.2007) (TABLE); *Pierce v. State*, 911 A.2d 793 (Del.2006); *Ayers v. State*, 844 A.2d 304 (Del.2004); *Hendricks v. State*, 805 A.2d 902, 2002 WL 2030875 (Del.2002) (TABLE); *Brown v. State*, 729 A.2d 259 (Del. 1999); *Stevenson v. State*, 709 A.2d 619 (Del. 1998); *Dixon v. State*, 673 A.2d 1220 (Del. 1996); *Pope v. State*, 632 A.2d 73 (Del.1993); *Liu v. State*, 628 A.2d 1376 (Del.1993); *Bryant v. State*, 571 A.2d 786, 1990 WL 17775 (Del. 1990) (TABLE); *Zimmerman v. State*, 565 A.2d 887 (Del.1989).

ny or an attempt or solicitation to commit the felony; or

(2) Agrees to aid another person or persons in the planning or commission of the felony or an attempt or solicitation to commit the felony; and the person or another person with whom the person conspired commits an overt act in pursuance of the conspiracy.

Conspiracy in the second degree is a class G felony.

The crime of conspiracy is different from many other crimes because in the context of a *Probst* analysis, a jury often may have several "conceptually different" overt acts from which to choose, and indeed, different co-conspirators may commit those "conceptually different" overt acts.[11]

In light of the unusual circumstances that the crime of conspiracy presents to a jury, some courts prefer to instruct the jury to agree unanimously upon the particular overt act that supports the conspiracy conviction. But, state courts throughout the country are divided on this issue.[12] In the federal system, the model jury instructions of the various Circuits of the United States Courts of Appeals also illustrate this disagreement.[13] For example, the Third Circuit Model Criminal Jury Instructions relevantly provide: "You must unanimously agree on the overt act that was committed."[14] Similarly, the Ninth Circuit Model Criminal Jury Instructions relevantly provide: "[O]ne of the members of the conspiracy performed at least one overt act ... for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed."[15] Two other Circuits provide in their model instructions that the jury should be instructed to agree unanimously on the particular overt act.[16] The Sixth

11. *See* 11 *Del. C.* § 512; *Holland v. State*, 744 A.2d 980, 982 (Del.2000) ("Under Delaware law, it is not necessary for a defendant to commit the overt act underlying the conspiracy charge. It is sufficient that a co-conspirator commit the overt act.") (citations omitted); *Stewart v. State*, 437 A.2d 153, 156 (Del. 1981) ("The overt act need not have been committed by the defendant; it is sufficient that ... the overt act, be committed by someone else, i.e., a co-conspirator.").

12. *Compare, e.g.*, Judicial Council of California Criminal Jury Instructions § 415 (2011) ("You must all agree that at least one alleged overt act was committed in California by at least one alleged member of the conspiracy, but you do not have to all agree on which specific overt act or acts were committed or who committed the overt act or acts."), *with*, *e.g.*, Hawaii Pattern Jury Instructions—Criminal § 14.07 (2009) ("In order to find the Defendant guilty, you must unanimously agree as to the particular overt act committed.").

13. The federal model criminal jury instructions were prepared for the federal conspiracy statute—title 18, section 371 of the United States Code—which the federal courts have interpreted to require an overt act in further-

ance of the conspiracy. *See, e.g., United States v. Pinckney*, 85 F.3d 4 (2d Cir.1996) ("Conspiracy requires proof of: (1) an agreement among the conspirators to commit an offense; (2) specific intent to achieve the objective of the conspiracy; and (3) usually, an overt act to effect the object of the conspiracy.") (citing *United States v. Montour*, 944 F.2d 1019, 1024 (2d Cir.1991)). For purposes of this analysis, the contours of the federal statute are substantially similar to title 11, section 512 of the Delaware Code.

14. Third Circuit Model Criminal Jury Instructions § 6.18.371F (2009).

15. Ninth Circuit Model Criminal Jury Instructions § 8.20 (2010).

16. *See* Manual of Model Criminal Jury Instructions for the District Courts of the Eight Circuit § 5.06D (2009) ("It is sufficient if the Government proves beyond a reasonable doubt, *one* such act; but in that event, in order to return a verdict of guilty, you must unanimously agree upon which act was done."); Tenth Circuit Criminal Pattern Jury Instructions § 2.19 Use Note (2005) ("The verdict form should include a finding as to the overt act.")

Circuit's Pattern Criminal Jury Instructions relevantly provide: "It is unclear whether an augmented unanimity instruction specifically requiring unanimous agreement on the same overt act is necessary."[17] The remaining Circuits do not address the issue in their model criminal jury instructions.[18]

In *United States v. Chen Chiang Liu,*[19] the Ninth Circuit, despite its model instructions, explained: "It is not clear that a district court must instruct a jury that it must make a unanimous finding of which overt act was committed in furtherance of the conspiracy."[20] The court in *Chen* speculated that the United States Constitution might not require the instruction,[21] citing to *Schad v. Arizona*[22] for the following proposition:

> A way of framing the issue is suggested by analogy. Our cases reflect a long-established rule of the criminal law that an indictment need not specify which overt act, among several named, was the means by which a crime was committed. . . .
>
> We have never suggested that in returning general verdicts in such cases the jurors should be required to agree upon a single means of commission, any more than the indictments were required to specify one alone.[23]

### No Plain Error

■ To reiterate, we review Dougherty's claim for plain error because defense counsel did not request a specific unanimity instruction.[24] Given the conflicting authorities on this issue, we cannot conclude that the trial judge committed plain error.[25] Several state and federal courts

---

**17.** Sixth Circuit Pattern Criminal Jury Instructions § 3.04 (2009).

**18.** *See* Pattern Criminal Jury Instructions for the District Court of the First Circuit § 4.18.371(1) (2010); Fifth Circuit Criminal Jury Instructions § 2.20 (2001); Pattern Criminal Federal Jury Instructions for the Seventh Circuit § 5.08 (1998); Eleventh Circuit Pattern Jury Instructions § 13.1 (2010). *See also* Federal Judicial Center Pattern Criminal Jury Instructions § 62 (1987).

**19.** 631 F.3d 993 (9th Cir.2011).

**20.** *Id.* at 1000 n. 7.

**21.** *Id. See also Hoover v. Johnson,* 193 F.3d 366, 369–70 (5th Cir.1999) (explaining that the United States Supreme Court has not "explicated a constitutional requirement that state court juries must agree to a single act that satisfies the overt act element of the relevant crime").

**22.** 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991).

**23.** *Id.* at 631, 111 S.Ct. 2491. *See also Richardson v. United States,* 526 U.S. 813, 817, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999) ("[A] federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime.") (citation omitted). *See generally* Tim A. Thomas, *Requirement of jury unanimity as to mode of committing crime under statute setting forth the various modes by which offense may be committed,* 75 A.L.R.4th 91 (1989).

**24.** *See* Super. Ct.Crim. R. 30 ("At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. . . ."); *Manlove v. State,* 901 A.2d 1284, 1290 (Del.2006) ("The parties are entitled to all instructions on their legal theories of the case, provided the instructions are timely requested, supported by evidence, and correctly state the law.") (citing *United States v. Jerde,* 841 F.2d 818, 820 (8th Cir.1988)).

**25.** *See United States v. Lanham,* 617 F.3d 873, 884 (6th Cir.2010) ("Where there are conflicting authorities, the district court could not have committed plain error.") (citing *United States v. Williams,* 53 F.3d 769, 772 (6th Cir.1995)); *Rice v. Office of Servicemembers' Grp. Life Ins.,* 260 F.3d 1240, 1249 (10th

have concluded that a trial judge does not commit plain error where defense counsel fails to request, and the trial judge does not give *sua sponte*, a specific unanimity instruction on the overt act requirement of a conspiracy count.[26] We find those cases to be persuasive. Dougherty has not shown that the trial judge committed plain error in failing to give *sua sponte* a specific unanimity instruction, because the error complained of was not so clearly prejudicial to his substantial rights as to jeopardize the fairness and integrity of the trial process.[27]

Cir.2001) ("While there is conflicting authority, we cannot say that the jury instruction amounted to plain error.") (citation omitted). *See also United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (holding that a trial court does not commit plain error "unless the error is clear under current law").

26. *See State v. Shackelford*, 150 Idaho 355, 247 P.3d 582, 602–04 (2010) ("The jurors here agreed upon the 'bottom line': One of the parties performed at least one of the acts, and it was not necessary for the jury to reach unanimity on the underlying factual issues, so long as they unanimously decided on the verdict."); *People v. Russo*, 25 Cal.4th 1124, 108 Cal.Rptr.2d 436, 25 P.3d 641, 648 (2001) ("Disagreement as to who the coconspirators were or who did an overt act, or exactly what that act was, does not invalidate a conspiracy conviction, as long as a unanimous jury is convinced beyond a reasonable doubt that a conspirator did commit some overt act in furtherance of the conspiracy."); *Garcia v. State*, 46 S.W.3d 323, 327 (Tex.Ct.App.2001) ("Both the relevant statutory language and established practice in conspiracy prosecutions lead us to conclude that the identities of the persons with whom [the defendants] conspired, and the overt acts actually committed pursuant to the agreements, were preliminary fact issues as to which jury unanimity need not be required.") (citations omitted); *State v. Gonzalez*, 143 N.H. 693, 738 A.2d 1247, 1256–57 (1999) ("Even if we assume, without deciding, that jury unanimity on the particular overt act charged was required to convict the defendant in this case, the defendant was not entitled automatically to a specific jury unanimity instruction as to the factual predicate constituting the overt act element.") (citation omitted). *See also United States v. Chen Chiang Liu*, 631 F.3d 993, 1001 (9th Cir.2011) ("Any error in failing to give the specific unanimity instruction as it related to the overt act requirement does not warrant reversal of [the defendant]'s conviction.");

*United States v. Griggs*, 569 F.3d 341, 344 (7th Cir.2009) ("We don't think the judge was required (or indeed permitted) to tell the jury that, to convict [the defendant], it had to agree unanimously on an overt act that at least one of the conspirators had committed."); *United States v. Hubbard*, 889 F.2d 277, 280 (D.C.Cir.1989) ("We express no opinion as to whether a special unanimity instruction might ever be required with respect to the overt act of an alleged conspiracy, but do find that in this case, given the similarity and interrelatedness of the overt acts alleged, the District Court's statement that the government was obliged to prove every element of a count, and [the defendant]'s failure to object to the general unanimity instruction at trial, the District Court's instruction was not plainly erroneous."); *United States v. Shaoul*, 41 F.3d 811, 817–18 (2d Cir.1994) ("Even in circumstances where it might have been advisable as a matter of sound policy to give 'specific' unanimity instructions, we have held that failure to give such instructions does not constitute plain error.") (citation omitted).

27. *See Turner*, 5 A.3d at 615 (quoting *Wainwright*, 504 A.2d at 1100). Although the trial judge did not commit plain error in failing to give *sua sponte* a specific unanimity jury instruction, Dougherty is not precluded from raising an ineffective assistance of counsel claim in a timely filed Superior Court Criminal Rule 61 motion for postconviction relief. In the event he does, a complete record can be developed on (1) whether defense counsel's conduct fell within the wide range of reasonable professional assistance, and (2) if not, whether there is a reasonable probability that, but for defense counsel's alleged unprofessional errors, the result of the trial would have been different. *See Hoskins*, 14 A.3d at 562 n. 33 (citing *Sahin v. State*, 7 A.3d 450, 454 (Del.2010)). This Opinion does not address either of those Rule 61 inquiries.

### *Conclusion*

The judgment of the Superior Court is **AFFIRMED.**