IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MAX TURNER, | § | |
| | § | No. 669, 2014 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below – Superior Court |
| v. | § | of the State of Delaware, in |
| | § | and for New Castle County |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID. Nos. 1301011443A and |
| | § | 1301011443B |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 4, 2015
Decided: November 9, 2015

Before **STRINE**, Chief Justice; **VALIHURA**, and **SEITZ**, Justices.

## **O R D E R**

This 9th day of November 2015, it appears to the Court that:

(1)  On January 22, 2013, a New Castle County grand jury indicted Max Turner on charges of second degree murder (11 *Del. C.* § 635), second degree assault (11 *Del. C.* § 612), first degree reckless endangerment (11 *Del. C.* § 604), three counts of possession of a firearm during the commission of a felony ("PFDCF" 11 *Del. C.* § 1447A), and possession of a firearm by a person prohibited ("PFBPP" 11 *Del. C.* § 1448).  The Superior Court later severed the PFBPP charge.  The charges arose from the tragic shooting on July 24, 2012, of two people, one of whom died, who were innocent bystanders in a street shooting.

(2) After a seven day trial in the Superior Court in June, 2014, the jury found Turner guilty of all charges. The trial judge later found Turner guilty of PFBPP. The Superior Court sentenced Turner to a total of seventy eight years at Level V, suspended after sixty nine years for decreasing levels of supervision.

(3) Turner appeals his convictions and raises two claims of error. First, Turner claims the Superior Court abused its discretion when it admitted into evidence a 9 millimeter handgun found on a third party, Iban Rice, several hours after the shooting. According to Turner, there was insufficient evidence to tie the 9 millimeter handgun to the shooting and its admission was prejudicial to the defense.

(4) Relevancy and prejudice determinations are within the sound discretion of the trial court, and will not be reversed absent a clear abuse of discretion.[1] The Superior Court did not abuse its discretion. Police found the 9 millimeter handgun on Iban Rice within hours and blocks of the shooting. An eyewitness placed Iban Rice near Turner at the time of the shooting. At the crime scene police found 9 millimeter shell casings and a 9 millimeter projectile. Within hours of the shooting, Turner sent text messages to his girlfriend that police had arrested Iban Rice with "tha gun" and Turner "might b goin for a while."[2] There

---

[1] *Smith v. State*, 913 A.2d 1197, 1232 (Del. 2006).
[2] App. to Opening Br. at 141 (State's Exhibit 90).

2

was ample evidence to connect the 9 millimeter handgun to the crime scene, and therefore the Superior Court properly admitted the handgun as evidence.

(5) Turner also claims that the Superior Court erred by not giving the jury a specific unanimity instruction under *Probst v. State*.[3] Because Turner did not raise the issue in the Superior Court, we review only for plain error. Plain error must be "so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[4] The defects must be plain and clear from the record, and must be of a "basic, serious and fundamental" character such that they deprive the defendant of a fundamental right or reflect manifest injustice.[5]

(6) The absence of a specific unanimity instruction was not plain error. The jury was given a general unanimity instruction, which is usually sufficient.[6] The Superior Court also reinforced the unanimity requirement when charging the jury on accomplice liability.[7] Finally, unlike *Probst*, where the jury could have determined guilt based on multiple shooters involved in different incidents involving conceptually different actions, the State in Turner's case proceeded on a theory that there were two shooters (Turner and Iban Rice) involved with one

---

[3] 547 A.2d 114, 119 (Del. 1988).
[4] *Turner v. State*, 5 A.3d 612, 615 (Del. 2010) (citing *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1984)).
[5] *Blake v. State*, 65 A.3d 557, 562 (Del. 2013) (citing *Wainwright*, 504 A.2d at 1100).
[6] App. to Opening Br. at 153 (Jury Instructions); *Dougherty v. State*, 21 A.3d 1, 4 (Del. 2011).
[7] App.to Opening Br. at 156-57 (Jury Instructions).

shooting incident, and Turner could be convicted either as a principal or an accomplice. Therefore, a specific unanimity jury instruction was not required.

NOW, THEREFORE IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice